UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SHAI HARRIS and RONALD JAY WILLIAMS LIVING
TRUST DATED 11/16/2017,

                    6:24-cv-00513 (BKS/TWD)

            Plaintiffs,

v.

ANDREW A. DIOLI, RUSHMYFILE, INC., ASSET
DEFAULT MANAGEMENT, INC. d/b/a SUPERIOR
LOAN SERVICING, NEVADA FUNDING, LLC,
BARUCH A. HARARI; CITY NATIONAL BANK,
FUNDING RUSH, INC., LIL WAVE FINANCIAL, INC.
d/b/a SUPERIOR LOAN SERVICING, WALDMAN
KALAHAR & ASSOCIATES, PLLC, TERESA ANN
GORMAN, RUBEN ROBERTO MARTINEZ, DOUGLAS
JAMES BURTON, BABINEC FAMILY TRUST DATED
7/16/1995,

            Defendants.

---

**Appearances:**

*Plaintiff pro se:*
Shai Harris
Little Falls, NY

*Plaintiff pro se:*
Ronald Jay Williams Living Trust Dated 11/16/2017

*For Defendant City National Bank:*
Bryan D. Leinbach
Zeichner Ellman & Krause LLP
730 Third Avenue
New York, NY 10017

*For Defendants Andrew A. Dioli, Asset Default Management, Inc., Lil Wave Financial, Inc., and Nevada Funding:*
Jennie Shnayder
Waldman, Kalahar & Associates, PLLC
148 East Street Road - Suite 352
Feasterville, PA 19053

*For Defendants Teresa Ann Gorman, Ruben Roberto Martinez*:
Christopher J. Rogers
Buchalter, A Professional Corporation
15279 N. Scottsdale Road, Suite 400
Scottsdale, AZ 85254

Jason E. Goldstein
Buchalter, A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irving, CA 92612

*For Defendant Babinec Family Trust Dated 7/16/1995:*
Kayla A. Arias
Barclay Damon LLP
Barclay Damon Tower
125 East Jefferson Street
Syracuse, NY 13202

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## ORDER TO SHOW CAUSE

**I.      INTRODUCTION**

Plaintiffs pro se Shai Harris and Ronald Jay Williams Living Trust Dated 11/16/2017 (the "Williams Trust"), filed this action asserting that this Court has subject-matter jurisdiction over Plaintiffs' state law claims under the diversity jurisdiction statute, 28 U.S.C. § 1332. (*See generally* Dkt. No. 1). Section 1332 grants the federal courts jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the suit is between "citizens of different States." 28 U.S.C. § 1332(a)(1); *see also St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) (stating that "[i]t is well established that for a case to fit within [§ 1332], there must be complete diversity" between plaintiffs and defendants (internal quotation marks and citation omitted)). The Complaint asserts that Plaintiff Harris is a citizen of New York and that and that the value of damages "exceeds $75,000." (Dkt. No. 1, at 5–6). However, the Complaint fails to allege facts showing the citizenship of: (1) the individual Defendants; (2) the limited liability company ("LLC") Defendants, Nevada Funding LLC and Waldman, Kalahar &

2

Associates, PLLC; (3) the corporation Defendants, Rushmyfile, Inc., Asset Default Management, Inc. D/B/A Superior Loan Servicing, Funding Rush, Inc., and Lil Wave Financial, Inc. d/b/a Superior Loan Servicing;[1] (4) the bank Defendant, City National Bank; and (5) the trust parties, Plaintiff Williams Trust and Defendant Babinec Family Trust dated 7/16/1995 (the Babinec Family Trust").[2] Accordingly, the parties are ordered to show cause why this action should not be dismissed for lack of subject matter jurisdiction.

## II.     DISCUSSION

"[I]n our federal system of limited jurisdiction . . . the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Com. Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (internal quotation marks and citation omitted); *see Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) ("'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978))).

---

[1] The Complaint adequately alleges the citizenship of Defendant Asset Default Management, Inc. d/b/a Superior Loan Servicing.

[2] The Court notes Complaint provides New York addresses for Defendants Waldman, Kalahar & Associates, PLLC and the Babinec Family Trust Dated 7/16/1995 (the "Babinec Family Trust"). (Dkt. No. 1, at 4). If Defendants Waldman, Kalahar & Associates, PLLC and the Babinec Family Trust are citizens of New York, there would be no diversity in this case because Plaintiff Harris is also a citizen of New York. *See OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 217–18 (2d Cir. 2016) ("Diversity jurisdiction under 28 U.S.C. § 1332 is proper 'only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State.'" (quoting *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998)). However, as discussed above, because it is the citizenship of the members of the PLLC that are relevant to diversity and additional facts regarding the nature of the Babinec Family Trust are necessary to the determination of the trust's citizenship, the addresses of these entities do not end the inquiry.

### A. Individuals

"An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile . . . [in other words] the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019) (alteration in original) (quoting *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). For this reason, "residence alone is insufficient to establish domicile for jurisdictional purposes." *Van Buskirk*, 935 F.3d at 54.

Here, the Complaint alleges Plaintiff Harris is a "citizen" of New York and provides a New York address. (Dkt. No. 1, at 1, 5). And although the Complaint provides California addresses for Defendants Andre A. Dioli, Teresa Ann Gorman, Ruben Roberto Martinez, and Douglas James Burton, and a Nevada address for Defendant Baruch A. Harari, (Dkt. No. 1, at 1–4), it contains no allegations regarding the individual Defendants' domicile or citizenship, *see, e.g.*, *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) (finding complaint failed to allege facts establishing diversity jurisdiction where the "plaintiff's complaint merely alleges that she is a 'resident' of Virginia," explaining it is well-established that allegations of residency alone cannot establish citizenship"). Accordingly, the Complaint fails to sufficiently allege domicile of the individual Defendants for purposes of diversity jurisdiction.

### B. LLCs

"[A] limited liability company . . . takes the citizenship of each of its members." *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *see also ICON MW, LLC v. Hofmeister*, 950 F. Supp. 2d 544, 546 (S.D.N.Y. 2013) (finding that "complete diversity of parties is lacking because some of the members of [the plaintiff limited liability company] are citizens of Kentucky and [the defendant] is also a citizen

4

of Kentucky"). "This applies to a professional limited liability company," like Waldman, Kalahar & Associates, PLLC. *David Grossman & Assocs. PLLC v. Kernan & Assocs. L. Grp.*, No. 23-cv-0823, 2024 WL 416391, at *2, 2024 WL 416391, at *4 (E.D.N.Y. Jan. 2, 2024).

As the Complaint does not set forth any allegations regarding the citizenship of each member of Defendants Nevada Funding LLC and Waldman, Kalahar & Associates, PLLC, Plaintiffs have failed to allege diversity of citizenship as a basis for subject matter jurisdiction in this case. *See, e.g.*, *Long Beach Rd. Holdings, LLC v. Foremost Ins. Co.*, 75 F. Supp. 3d 575, 584 (E.D.N.Y. 2015) (concluding that "diversity of citizenship" was not "a proper basis of subject matter jurisdiction" where the plaintiff LLC did "not set forth any allegations with respect to its structure or membership").

### C. Corporations

A corporation is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (observing that "principal place of business" is often a "corporation's 'nerve center'" and is "normally . . . the place where the corporation maintains its headquarters"). The Complaint alleges that Defendant Asset Default Management, Inc. d/b/a Superior Loan Servicing, is incorporated under the laws of the State of California, and has its principal place of business in the State of California, and thus sufficiently alleges diversity jurisdiction as to this corporation. However, the Complaint fails to allege the state of incorporation and the principal place of business with respect to Defendants Rushmyfile, Inc., Funding Rush, Inc., and Lil Wave Financial, Inc. d/b/a Superior Loan Servicing. *See Price v. Hale Glob.*, No. 24-cv-2826, 2024 WL 4555942, at *2, 2024 U.S. Dist. LEXIS 192825, at *3 (S.D.N.Y. Oct. 23, 2024) (finding allegations of diversity jurisdiction fell short where the defendants represented that the defendant corporation's "principal place of

business is in New York . . . but the Amended Complaint sa[id] nothing about Hale Global's state of incorporation"). Thus, the Complaint's diversity allegations as to Defendants Rushmyfile, Inc., Funding Rush, Inc., and Lil Wave Financial, Inc. d/b/a Superior Loan Servicing are insufficient.

### D.     National Banks

"[A] national bank is a citizen only of the state listed in its articles of association as its main office." *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 219 (2d Cir. 2016). Thus, "for purposes of subject matter jurisdiction, a national bank is a citizen only of the state in which its main office is located." *Id.* at 216. The Complaint names City National Bank as a Defendant and provides a California address, (Dkt. No. 1, at 3), but fails to identify the state listed in City National Bank's articles of association as its main office. Accordingly, the Complaint's allegations regarding Defendant City National Bank's citizenship for diversity purposes are insufficient.

### E.     Trusts

The Supreme Court has distinguished between a "traditional trust," which is "not considered a distinct legal entity, but a 'fiduciary relationship' between multiple people" and the "'trust' label" that "[m]any States" "have applied . . . to a variety of unincorporated entities that have little in common with this traditional template." *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016). The distinction is important to the diversity analysis because with respect to "traditional trusts," it is the trustee's "citizenship that matters for diversity purposes" whereas a trust that is an "unincorporated" entity under state law, "possesses the citizenship of all its members." *Id.*

The Complaint names the Williams Trust as a Plaintiff and the Babinec Family Trust as a Defendant but provides no information regarding either trust or its trustees. Without facts

showing whether these are "traditional trusts" or are unincorporated entities under state law, or facts identifying the trustees' or members' citizenship(s), Plaintiff's allegations of diversity jurisdiction as to the trusts is deficient.[3]

Finally, regardless of the nature of the trust, a trust "cannot proceed pro se." *Whitfield v. New York City Hous. Auth.*, No. 22-cv-3737, 2023 WL 6385821, at *2, 2023 U.S. Dist. LEXIS 176496, at *5 (E.D.N.Y. Sept. 29, 2023). To the extent Harris intends to represent the Williams Trust pro se, Harris does not purport to be an attorney and does not have the authority to represent the trust in this action. Therefore, unless an attorney appears on behalf of the Williams Trust by December 16, 2024, the Williams Trust will be dismissed without prejudice from this case without further order. *See id.* (dismissing the plaintiff trust from the action where the pro se plaintiff trustees "purport to represent the . . . Trust in the action" but did not alleges they were "practicing attorneys" and did not "have the authority to represent the interest of the . . . Trust").

Accordingly, it is

**ORDERED** that each party shall file a memorandum, not to exceed ten pages by December 16, 2024, showing cause why this action should not be dismissed for lack of subject matter jurisdiction; and it is further

**ORDERED** that if the parties maintain that there is complete diversity between the parties, they shall submit, by December 16, 2024, supporting evidence, including affidavits identifying: (1) the citizenship (domicile) of the individual Defendants, Andre A. Dioli, Baruch A. Harari, Teresa Ann Gorman, Ruben Roberto Martinez, and Douglas James Burton; (2) the citizenship of each member of Defendants Nevada Funding LLC and Waldman, Kalahar &

---

[3] Such information is also necessary to the determination of whether the named Trusts may sue or be sued on their behalf or may only appear in Court through their trustees. "[T]raditional trusts, establishing only fiduciary relationships . . . are incapable of being haled into court except through their trustees." *Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 731 (2d Cir. 2017).

Associates, PLLC; (3) the state of incorporation and principal place of business of Defendants Rushmyfile, Inc., Funding Rush, Inc., and Lil Wave Financial, Inc. d/b/a Superior Loan Servicing; (4) the state listed in City National Bank's articles of association as its main office; and (5) the citizenship of each trustee of Plaintiff Williams Trust and Defendant Babinec Family Trust, including any other factual information relevant to citizenship;[4] and it is further

**ORDERED** that if an attorney does not appear on behalf of Plaintiff Ronald Jay Williams Living Trust by December 16, 2024, the Clerk is directed to dismiss the claims brought by the Ronald Jay Williams Living Trust without prejudice and without further order.

**IT IS SO ORDERED.**

Dated: November 15, 2024
Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge

---

[4] Upon receipt of such evidence, the Court will consider whether the Plaintiff Williams Trust and Defendant Babinec Family Trust may continue as named parties or whether their trustees must be named parties.