## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

---

SHAI HARRIS,

                          Plaintiff,                    6:24-cv-00513 (BKS/TWD)

v.

ANDREW A. DIOLI, RUSHMYFILE, INC., ASSET DEFAULT MANAGEMENT, INC. d/b/a SUPERIOR LOAN SERVICING, NEVADA FUNDING, LLC, BARUCH A. HARARI; CITY NATIONAL BANK, FUNDING RUSH, INC., LIL WAVE FINANCIAL, INC. d/b/a SUPERIOR LOAN SERVICING, WALDMAN KALAHAR & ASSOCIATES, PLLC, TERESA ANN GORMAN, RUBEN ROBERTO MARTINEZ, DOUGLAS JAMES BURTON, BABINEC FAMILY TRUST DATED 7/16/1995,

                          Defendants.

---

**Appearances:**

*Plaintiff pro se:*
Shai Harris
Little Falls, NY

*For Defendant City National Bank:*
Bryan D. Leinbach
Zeichner Ellman & Krause LLP
730 Third Avenue
New York, NY 10017

*For Defendants Andrew A. Dioli, Asset Default Management, Inc., Lil Wave Financial, Inc., and Nevada Funding:*
Jennie Shnayder
Waldman, Kalahar & Associates, PLLC
148 East Street Road - Suite 352
Feasterville, PA 19053

*For Defendants Teresa Ann Gorman and Ruben Roberto Martinez*:
Christopher J. Rogers
Buchalter, A Professional Corporation
15279 N. Scottsdale Road, Suite 400
Scottsdale, AZ 85254

Jason E. Goldstein
Buchalter, A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irving, CA 92612

*For Defendant Babinec Family Trust Dated 7/16/1995*:
Kayla A. Arias
Barclay Damon LLP
Barclay Damon Tower
125 East Jefferson Street
Syracuse, NY 13202

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.   INTRODUCTION**

Plaintiffs pro se Shai Harris and Ronald Jay Williams Living Trust Dated 11/16/2017 (the "Williams Trust"),[1] filed this action against the above-named Defendants for their alleged participation in an unconscionable mortgage scheme and sale of Harris's property in Little Falls, New York, by referee deed, to Defendant Babinec Family Trust dated 7/16/1995 (the "Babinec Family Trust"). (*See generally* Dkt. No. 1). Plaintiffs, who bring state law claims alleging, inter alia, unconscionable mortgage agreements, usury, champerty, and trespass,[2] assert that this Court

---

[1] The Williams Trust was dismissed as a plaintiff in this action on December 16, 2024. (*See* Dkt. No. 64, at 7 (explaining that because a trust cannot appear pro se, if an attorney did not appear on behalf of the Williams Trust by December 16, 2024, the Williams Trust would be dismissed without prejudice)).

[2] In an abundance of caution, the Court considered whether the Complaint asserted any colorable federal claims that would invoke the Court's federal question jurisdiction under 28 U.S.C. § 1331, but has found none. The Complaint alleges that Defendants engaged Harris in "unconscionable mortgage agreements" and other contracts. (Dkt. No. 1). Although the civil cover sheet (Dkt. No. 1-2), cites "18 U.S.C. §§ 1961–68 Racketeer Influenced and Corrupt Organizations," and cites several criminal statutes, the Complaint does not refer to these statutes and, even read liberally, asserts no viable federal claims.

has subject-matter jurisdiction under the diversity jurisdiction statute, 28 U.S.C. § 1332.[3] (*See generally* Dkt. No. 1). However, although the Complaint alleged that Plaintiff Harris is a citizen of New York and that and that the value of damages "exceeds $75,000," (Dkt. No. 1, at 5–6), it otherwise failed to allege facts showing the citizenship of: (1) the individual Defendants; (2) the limited liability company ("LLC") Defendants, Nevada Funding LLC and Waldman, Kalahar & Associates, PLLC; (3) the corporation Defendants, Rushmyfile, Inc., Asset Default Management, Inc. D/B/A Superior Loan Servicing, Funding Rush, Inc., and Lil Wave Financial, Inc. d/b/a Superior Loan Servicing;[4] (4) the bank Defendant, City National Bank; and (5) the trust parties, Plaintiff Williams Trust and Defendant Babinec Family Trust dated 7/16/1995 (the Babinec Family Trust"). Accordingly, the Court ordered the parties to show cause why this action should not be dismissed for lack of subject matter jurisdiction. (Dkt. No. 64). The Court has reviewed the parties' submissions, (Dkt. Nos. 67, 71, 72, 73, 75), as well as the additional submissions the Court directed Harris and the Babinec Family Trust to file, (Dkt. No. 76 (Text Order); Dkt. Nos. 79, 81). For the reasons that follow, the Court finds that because Plaintiff Harris and Defendant Babinec Family Trust are both citizens of New York, the Court lacks diversity jurisdiction.

## II.    LEGAL STANDARD

The legal standard governing diversity jurisdiction under 28 U.S.C. § 1332, pursuant to which district courts "have diversity jurisdiction where, assuming the requisite amount in controversy, the suit is between citizens of different states," *St. Paul Fire & Marine Ins. Co.*, 409

---

[3] Section 1332 grants the federal courts jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the suit is between "citizens of different States." 28 U.S.C. § 1332(a)(1); *see also St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) (stating that "[i]t is well established that for a case to fit within [§ 1332], there must be complete diversity" between plaintiffs and defendants (internal quotation marks and citation omitted)).

[4] The Complaint adequately alleged that Defendant Asset Default Management, Inc. d/b/a Superior Loan Servicing is a citizen of California. (Dkt. No. 1, at 2).

3

F.3d at 80 (quotation marks omitted), was discussed at length in the Court's Order to Show Cause, (Dkt. No. 64, at 3–7), and will not be restated in this Memorandum-Decision and Order.

### III. DISCUSSION

The Court first considers Harris's citizenship. The Complaint alleges Plaintiff Harris is a "citizen" of New York and provides a New York address. (Dkt. No. 1, at 1, 5). However, in response to the Court's Order to Show Cause, the attorney for Defendants Teresa Gorman Martinez and Ruben Martinez, asserted that it appeared "based upon multiple filings in the State of California" that Harris resides and is domiciled in California and the California Department of Real Estate lists Harris "as a duly licensed California Real Estate Broker."[5] (Dkt. No. 72, at 1–2; Dkt. No. 72-2, at 6 (Plaintiff listing a Malibu, California address on a state court document signed on May 23, 2023); Dkt. No. 72-2, at 113 (Declaration of Service by mail on June 12, 2024 to Plaintiff at Malibu, California address); Dkt. No. 72-2, at 117 (State of California Department of Real Estate record dated December 16, 2024, listing Plaintiff as a licensed "broker" and her mailing address as Malibu, California)). As these documents called into question Harris's citizenship and domicile, *see Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (explaining that "[d]omicile is 'the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning,'" and that because "[a]t any given time, a person has but one domicile" (quoting *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)), the Court directed Harris to file evidence of her citizenship, (Dkt. No. 76).

---

[5] The record also shows that at least two of Harris's submissions in this case have been mailed from Louisiana, (Dkt. No. 70-7), and Texas, (Dkt. No. 59-6).

In response, Harris stated that she is "domiciled in the great State of New York," and filed a copy of a New York Driver License issued in 2023, with an expiration date in 2028, (Dkt. No. 79-4, at 2), a copy of a Cornell University (located in Ithaca, New York), library card with an expiration date of December 22, 2023, and renewed through October 5, 2025, (Dkt. No. 79-4, at 16–18), a bank statement for the period of March 27, 2024 to April 25, 2024, listing Harris's Little Falls, New York address, (Dkt. No. 79-4, at 21). The Court finds Harris has sufficiently established that she is a citizen of New York. *See Connolly v. Spielman*, 999 F. Supp. 270, 272–73 (N.D.N.Y. 1998) (noting "objective indicators of a party's intent regarding domicile include current residence; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration [and] payment of taxes." (quoting 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Fed. Prac. & Proc.§ 3612 at 530–31 (1984)).[6]

In response to the Court's Order to Show Cause, Defendant Babinec Family Trust filed the "Trust Certificate" showing that the trust was formed in New York, is administered in New York, is governed by New York law, and has a mailing address in New York, and a declaration stating that its Trustees have "resided in" and been citizens of New York "at all relevant times to this proceeding," (Dkt. No. 81, ¶¶ 4–6; *see* Dkt. Nos. 73, 73-1, 73-2 (declaration by Trustee Martin Babinec), 73-3 (Trust Certificate listing Martin Babinec as Settlor, Trustee, and Current Permissible Beneficiary, and Krista Babinec as Trustee and stating that account signing authority belonged to the Trustees). The Court therefore concludes that the evidence is sufficient to show that Martin and Krista Babinec, as trustees, and signing authorities, and in the case of Martin

---

[6] As noted above, the other named plaintiff in this case, the Williams Trust, has been dismissed from this case.

Babinec, beneficiary, are the real parties to the controversy for diversity purposes[7] and that the citizenship is New York.[8]

Determining the citizenship of trusts depends on the nature of the trust under governing state law. *See Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 722 (2d Cir. 2017) (acknowledging, in addressing the question of "trust citizenship," that there is a distinction between "(1) traditional trusts establishing only fiduciary relationships and having no legal identity distinct from their trustees, [and] (2) the variety of unincorporated artificial entities to which states have applied the 'trust' label, but which have little in common with traditional trusts"). Here, it appears that the Babinec Family Trust is nothing other than a traditional trust, thus, "it is the trustees' citizenship, not that of beneficiaries, that matters for purposes of diversity." *Id.* But even it was another variety of trust, and the citizenship of the beneficiary was relevant, the citizenship determination would still be New York because both trustees (Martin and Krista Babinec) and the beneficiary (Martin Babinec) are all New York citizens. Thus, as Plaintiff Harris and Defendant Babinec Family Trust are citizens of New York,[9] complete diversity is lacking. *See Geidel Fuel Oil Corp. v. Peninsula Nat. Bank*, 581 F. Supp. 19, 20 (E.D.N.Y. 1984) ("Complete diversity of jurisdiction is held to mean that none of the plaintiffs is a citizen of the same state as any of the defendants."). Accordingly, the Court finds Harris has

---

[7] In addition, the Referee's Deed concerning the property at issue in this case names "Martin David Babinec, as Trustee of the Babinec Family Trust" as the party to whom the premises were conveyed. (Dkt. No. 19-3, at 3).

[8] In her affidavit. Harris states that Martin Babinec, the "authorizing member" of the Babinec Family Trust, "is not a citizen of the State of New York," but does not provide any additional details. (Dkt. No. 67, ¶ 7). In her memorandum of law, Harris states that Martin Babinec is "domiciled in the State of Florida." (Dkt. No. 67-1, at 4). Harris's assertion that Martin Babinec is a domiciliary of Florida, however, is unsworn and is insufficient to call into question the sworn declaration that Martin Babinec is a New York citizen.

[9] Even if Plaintiff were a citizen of California, diversity would be lacking because Defendant City National Bank and Defendant Asset Default Management, Inc. d/b/a Superior Loan Servicing are also citizens of California. (Dkt. No. 1, at 2; Dkt. No. 71).

6

failed to establish diversity jurisdiction under 28 U.S.C. § 1332, and this case must be dismissed for lack of subject matter jurisdiction.

IV.   **CONCLUSION**

It is therefore

**ORDERED** that the Complaint (Dkt. No. 1) is **DISMISSED without prejudice** for lack of subject matter jurisdiction; and it is further

**ORDERED** that the Clerk is directed to terminate all pending motions and close this case.

**IT IS SO ORDERED.**

Dated: February 10, 2025
       Syracuse, New York

*[signature]*
Brenda K. Sannes
Chief U.S. District Judge