UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHAI HARRIS,

                              Plaintiff,                    6:24-cv-00513 (BKS/TWD)

v.

ANDREW A. DIOLI, RUSHMYFILE, INC., ASSET DEFAULT MANAGEMENT, INC. d/b/a SUPERIOR LOAN SERVICING, NEVADA FUNDING, LLC, BARUCH A. HARARI; CITY NATIONAL BANK, FUNDING RUSH, INC., LIL WAVE FINANCIAL, INC. d/b/a SUPERIOR LOAN SERVICING, WALDMAN KALAHAR & ASSOCIATES, PLLC, TERESA ANN GORMAN, RUBEN ROBERTO MARTINEZ, DOUGLAS JAMES BURTON, BABINEC FAMILY TRUST DATED 7/16/1995,

                              Defendants.
_____

**Appearances:**

*Plaintiff pro se:*
Shai Harris
Little Falls, NY

*For Defendant City National Bank:*
Bryan D. Leinbach
Zeichner Ellman & Krause LLP
730 Third Avenue
New York, NY 10017

*For Defendants Andrew A. Dioli, Asset Default Management, Inc., Lil Wave Financial, Inc., and Nevada Funding:*
Jennie Shnayder
Waldman, Kalahar & Associates, PLLC
148 East Street Road - Suite 352
Feasterville, PA 19053

*For Defendants Teresa Ann Gorman and Ruben Roberto Martinez*:
Christopher J. Rogers
Buchalter, A Professional Corporation
15279 N. Scottsdale Road, Suite 400
Scottsdale, AZ 85254

Jason E. Goldstein
Buchalter, A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irving, CA 92612

*For Defendant Babinec Family Trust Dated 7/16/1995:*
Kayla A. Arias
Barclay Damon LLP
Barclay Damon Tower
125 East Jefferson Street
Syracuse, NY 13202

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.   INTRODUCTION**

Plaintiffs pro se Shai Harris and Ronald Jay Williams Living Trust Dated 11/16/2017 (the "Williams Trust"),[1] filed this action against the above-named Defendants for their alleged participation in an unconscionable mortgage scheme and sale of Harris's property in Little Falls, New York, by referee deed, to Defendant Babinec Family Trust dated 7/16/1995 (the "Babinec Family Trust"). (*See generally* Dkt. No. 1). In response to the Court's Order to Show Cause why this action should not be dismissed for lack of subject matter jurisdiction, (Dkt. No. 64), the parties filed a number of briefs and evidentiary submissions, (67, 69, 71, 72, 73, 74, 75, 79, 81). In a Memorandum-Decision and Order issued on February 10, 2025, the Court found it lacked federal question or diversity jurisdiction over this matter, dismissed the complaint without

---

[1] The Williams Trust was dismissed as a plaintiff in this action on December 16, 2024. (*See* Dkt. No. 64, at 7 (explaining that because a trust cannot appear pro se, if an attorney did not appear on behalf of the Williams Trust by December 16, 2024, the Williams Trust would be dismissed without prejudice)).

2

prejudice, and entered judgment accordingly. (Dkt. Nos. 84, 85). Presently before the Court are Plaintiff's motion for reconsideration, (Dkt. No. 86), Plaintiff's motion to file an amended complaint, (Dkt. No. 93), a motion for attorney's fees by Defendants Teresa Ann Gorman and Ruben Roberto Martinez, (Dkt. No. 88), Plaintiff's motion for revocation of consent to the Magistrate Judge, (Dkt. No. 92), Plaintiff's motion for an "order to show cause," (Dkt. No. 94), Plaintiff's motion for default judgment, (Dkt. No. 95), and Plaintiff's motion for a certificate of appealability, (Dkt. No. 97). Defendants Babinec Family Trust, City National Bank, Gorman, and Martinez oppose Plaintiff's motion for reconsideration. (Dkt. Nos. 89, 90, 91). For the reasons that follow, all motions are denied.

## II. BACKGROUND

Familiarity with the background and procedural history of this case is assumed based on this Court's prior orders, which are incorporated here. (Dkt. Nos. 64, 84).

## III. DISCUSSION

### A. Motion for Reconsideration

To the extent that Plaintiff, in seeking "reconsideration" of the dismissal of the complaint, (Dkt. No. 86), seeks to vacate judgment under Federal Rule of Civil Procedure 60(b), her motion is denied. Rule 60(b) is "a mechanism for 'extraordinary judicial relief' invoked only if the moving party demonstrates 'exceptional circumstances.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994)). Rule 60(b)(1) allows for relief from judgment based on "mistake, inadvertence, surprise, or excusable neglect," and is "available for a district court to correct legal errors by the court." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009). "Rule 60(b)(6), on the other hand, allows for relief from judgment based on 'any other reason justifying relief.'"

3

*Callahan v. City of New Haven Bd. of Educ.*, No. 17-cv-617, 2020 WL 4586487, at *1, 2020 U.S. Dist. LEXIS 142509, at *2 (D. Conn. Aug. 10, 2020) (quoting *Brien*, 588 F.3d at 175).

Here, Plaintiff appears to assert that the judgment should be vacated on the ground that the Court erred in finding that Defendant Babinec Family Trust, like Plaintiff, is a citizen of New York, and that the Court therefore also erred in concluding that it lacks diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. No. 86, at 9). In support of her assertion, Plaintiff filed a tax assessment form issued by the Monroe County Tax Collector in Key West, Florida to the "Babinec Martin 2021 Real Estate Trust 10/4/2021." (Dkt. No. 86-3). The Court previously addressed Plaintiff's contentions regarding the domicile of the Babinec Family Trust and found the uncontroverted evidence showed that the Babinec Family Trust was a New York citizen. (Dkt. No. 84, at 5–7). Even if the Court were to consider the tax form Plaintiff submitted, the Court notes that the form names the "Babinec Martin 2021 Real Estate Trust 10/4/2021," which appears to be a different trust than "Babinec Family Trust Dated 7/16/1995," and one that has not been named as a Defendant in this matter. (Dkt. No. 86-3). Thus, as Plaintiff seeks to relitigate issues already decided and has identified no other basis for relief, Plaintiff's Rule 60(b) motion is denied. *See Pastor v. P'ship for Children's Rts.*, 856 F. App'x 343, 345 (2d Cir. 2021) ("[A] Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided." (citing *Zerman v. Jacobs*, 751 F.2d 82, 84–85 (2d Cir. 1984)).

    **B.**    **Motion to File an Amended Complaint**

Generally, "a party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to Rules 59(e) or 60(b)." *Williams v. Citigroup Inc.*, 659 F.3d 208, 213 (2d Cir. 2011) (quoting *Ruotolo*, 514 F.3d at 191). "To hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation." *Id.*

(quoting *Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.3d 240, 245 (2d Cir. 1991)). However, in light of Rule 15(a), which provides that a court "should freely give leave [to amend a pleading] when justice so requires," Fed. R. Civ. P. 15(a)(2), "it might be appropriate in a proper case to take into account the nature of the proposed amendment in deciding whether to vacate the previously entered judgment," *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 143 (2d Cir. 2020) (quoting *Nat'l Petrochemical*, 930 F.3d at 245); *see id.* (noting that "post[-]judgment motions for leave to replead must be evaluated with due regard to both the value of finality and the policies embodied in Rule 15").

While the Second Circuit has noted that "it is an abuse of discretion to deny a motion under Rule 59(e) . . . when the plaintiff was never given an opportunity to replead in the first place," *id.* at 144, "a district court may properly deny [a plaintiff's] post-judgment motion for leave to amend if her proposed amendments would be futile," *Shull v. TBTF Prods., Inc.*, No. 20-3529, 2021 WL 3027181, at *3, 2021 U.S. App. LEXIS 21220, at *8 (2d Cir. July 19, 2021) (summary order) (citing *Williams*, 659 F.3d at 214). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012) (citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 50 (2d Cir. 1991)). In making this determination, the court must "consider the proposed amendment . . . along with the remainder of the complaint, accept as true all non-conclusory factual allegations therein, and draw all reasonable inferences in plaintiff's favor to determine whether the allegations plausibly rise to an entitlement to relief." *Id.* (internal citation and quotation marks omitted).

In this case, the Court has reviewed the proposed amended complaint but finds it fails to allege federal question or diversity jurisdiction. Plaintiff again names the Babinec Family Trust as a Defendant and appears to attempt to evade the Court's lack of diversity finding by providing a Florida address for this entity. (Dkt. No. 93-3, at 9). As the domicile for the Babinec Family Trust has already been determined in this case, (*see* Dkt. No. 84, at 6 (explaining that as "Plaintiff Harris and Defendant Babinec Family Trust are citizens of New York, complete diversity is lacking" (citing *Geidel Fuel Oil Corp. v. Peninsula Nat. Bank*, 581 F. Supp. 19, 20 (E.D.N.Y. 1984)), and Plaintiff has failed to identify any error in this regard, Plaintiff's listing of a Florida address is insufficient to establish diversity of citizenship.

Plaintiff also seeks to amend the complaint to add a civil claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c). (Dkt. No. 93-9, at 11). The RICO statute makes it "unlawful for any person employed by or associated with any enterprise . . . to conduct or participate in . . . the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). To state a claim under § 1962(c), "a plaintiff must allege (1) conduct, (2) of an enterprise, (3) through a pattern (4) of racketeering activity, as well as injury to business or property as a result of the RICO violation." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 119 (2d Cir. 2013) (internal quotations and citation omitted). "Racketeering activity consists of the commission of a predicate act." *Aronov v. Mersini*, No. 14-cv-7998, 2015 WL 1780164, at *3, 2015 U.S. Dist. LEXIS 51695, at *7 (S.D.N.Y. Apr. 20, 2015). The RICO statute sets forth a list of acts that qualify as racketeering activity and includes "any act which is indictable under [inter alia] . . . [18 U.S.C] section 1341 (relating to mail fraud), 1343 (relating to wire fraud), section 1344 (relating to financial institution fraud)." 18 U.S.C. § 1961(1)(B); *see Beck v. Prupis*, 529 U.S. 494, 497 n.2

(2000) ("Section 1961(1) contains an exhaustive list of acts of 'racketeering,' commonly referred to as 'predicate acts.'").

In addition to alleging an enterprise, a plaintiff "must also allege that the defendants 'conduct[ed] or participate[d], directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.'" *First Cap. Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 175–76 (2d Cir. 2004) (alterations in original) (quoting 18 U.S.C. § 1962(c)). This means that the RICO defendant must have "participated in the operation or management of the enterprise." *Id.* at 176 (quoting *Azrielli v. Cohen Law Offices*, 21 F.3d 512, 521 (2d Cir. 1994)). "In this Circuit, the 'operation or management' test typically has proven to be a relatively low hurdle for plaintiffs to clear," "especially at the pleading stage." *Id.* "Ultimately, however, it is clear that the RICO defendant must have played '*some* part in directing [the enterprise's] affairs.'" *Id.* (alteration in original) (quoting *De Falco v. Bernas*, 244 F.3d 286, 310 (2d Cir. 2001)). "Under this standard, a person may not be held liable merely for taking directions and performing tasks that are 'necessary and helpful to the enterprise,' or for providing 'goods and services that ultimately benefit the enterprise.'" *Flexborrow LLC v. TD Auto Fin. LLC*, 255 F. Supp. 3d 406, 415 (E.D.N.Y. 2017) (quoting *U.S. Fire Ins. Co. v. United Limousine Serv., Inc.*, 303 F. Supp. 2d 432, 451–52 (S.D.N.Y. 2004)).

To the extent Plaintiff seeks to file an amended complaint to allege a RICO claim, the proposed amended complaint Plaintiff filed in support of this request not only fails to allege any facts in support of this claim but fails to allege any facts whatsoever. (*See generally* Dkt. No. 93-9). Further, having reviewed the entire record before the Court there is no indication that granting leave to amend to allege a RICO claim would be anything but futile. The original complaint contains no reference to RICO—the only reference to RICO in Plaintiff's initial

filings is in the Civil Cover Sheet attached to the complaint. (Dkt. No. 1-2 (citing 18 U.S.C. §§ 1961–68 as statute under which Plaintiff was filing)). The complaint contains a number of factual allegations concerning the alleged wrongdoing by a number of Defendants. (*See*, *e.g.*, Dkt. No. 1-1, at 9 (alleging that Defendant National bank "voided" a wire transfer "internally . . . for unethical reason [sic]," and interfered with a 2020 real estate transaction), 2 (alleging Defendant Dioli "underwrote an unconscionable adhesion mortgage and security instrument" and "play[ed] out champerty through the assignment of a lender role" to Defendant Nevada Funding, LLC and Defendant Asset Default Management), 7–8 (alleging Defendant Babinec Family Trust purchased referee deed to Plaintiff's property and sent local "fire and police to the property as a harassing tactic"), 8 (alleging Defendants Teresa Ann Gorman, Ruben Roberto Martinez, and Douglas James Burton are "straw brokers" benefitting from the actions of other Defendants). But none of Plaintiff's allegations there, or in her other submissions, (*see* Dkt. Nos. 7 (motion for preliminary injunction), 47 (reply submission), 53-2 (purported statement of material facts), 93-1 (memorandum of law in support of motion to amend the complaint)), gives any indication that with better pleading, Plaintiff could allege facts that would allow a plausible inference of an "enterprise," i.e. an "ongoing organization, formal or informal," *First Cap. Asset Mgmt.*, 385 F.3d at 174 (2d Cir. 2004) (quotation marks omitted), or that any Defendant played a part in an enterprise's affairs, *id.* at 176; *see also Conte v. Newsday, Inc.*, 703 F. Supp. 2d 126, 135 (E.D.N.Y. 2010) (dismissing RICO claim where the plaintiff did "not allege[] any facts that would demonstrate that any defendants participated in the operation or management of the alleged RICO enterprise").

Finally, the Court notes that before filing the present action, Plaintiff filed a separate complaint against many of the same defendants alleging similar misconduct, *Harris v. Nevada*

8

*Funding, LLC*, 6:23-cv-01221(BKS/TWD) (N.D.N.Y. Sept. 19, 2023), Dkt. No. 1 (complaint alleging "Plaintiff is aggrieved in the matter which derives from unconscionable adhesion contracts established on mortgage origination misconduct"). Thus, Plaintiff has had ample opportunity to pursue her claims before this Court.

Accordingly, having concluded that the proposed amended complaint fails to state a claim and that amendment would be futile, Plaintiff's motion to vacate judgment and amend the complaint is denied.

### C.    Motion for Attorney's Fees

Defendants Teresa Ann Gorman and Ruben Roberto Martinez claim they are entitled to an award of attorney's fees pursuant to an underlying contract in this matter. (Dkt. No. 88). However, the Court has dismissed the complaint for lack of subject matter jurisdiction and Defendants cite no legal authority for the proposition that the Court has jurisdiction to award attorney's fees pursuant to an underlying contract. *Cf.*, *Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, No. 20-cv-6158, 2024 WL 4263205, at *8, 2024 U.S. Dist. LEXIS 172977, at * (S.D.N.Y. Sept. 23, 2024) (noting in context of "prevailing party" theory, that the Second Circuit has affirmed the general "proposition that 'where [the court] lack[s] subject matter jurisdiction, [it] also lack jurisdiction to award attorney[s'] fees'" (quoting *McGinty v. New York*, 251 F.3d 84, 100 (2d Cir. 2001)). Accordingly, Defendants' motion, (Dkt. No. 88), is denied.

### D.    Remaining Motions

Plaintiff's motion for "revocation of consent to the Magistrate Judge," (Dkt. No. 92), is denied. As no party has consented to the jurisdiction of a magistrate judge for purposes of the disposition of this case and because this case has been dismissed, there is no basis for revocation of consent.

9

Plaintiff's motion for an "order to show cause and affidavit . . . pursuant to the National Bank Act(s)," (Dkt. No. 94), is denied as Plaintiff does not identify any viable basis for relief.

Plaintiff's motion for default judgment as to Defendant Waldman Kalahar and Associates, PLLC, (Dkt. No. 95), is denied as moot because the complaint has been dismissed for lack of diversity jurisdiction, (Dkt. No. 84).

Plaintiff's motion for a certificate appealability pursuant to 28 U.S.C. § 2253, (Dkt. No. 97), is denied as § 2253 applies to habeas corpus proceedings and proceedings under 28 U.S.C. § 2255 and is therefore inapplicable in this case. Plaintiff therefore need not obtain a certificate of appealability in order to file an appeal in this case.

### IV.    CONCLUSION

It is therefore

**ORDERED** that Plaintiff's motion for reconsideration, (Dkt. No. 86), is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion to vacate judgment for the purpose of filing an amended complaint, (Dkt. No. 93), is **DENIED**, and it is further

**ORDERED** that the motion for attorney's fees, (Dkt. No. 88), by Defendants Gorman and Martinez is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion for revocation of consent to the Magistrate Judge, (Dkt. No. 92), is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion for an order to show cause pursuant to the "National Bank Act(s)," (Dkt. No. 94), is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion for default judgment, (Dkt. No. 95), is **DENIED** as moot; and it is further

**ORDERED** that Plaintiff's motion for a certificate of appealability, (Dkt. No. 97), is **DENIED** as none is required.

**IT IS SO ORDERED.**

Dated: <u>April 2, 2025</u>
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge